UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL OTIS BULLOCK, JR.,

      Petitioner,

                                                               File No.  1:04-CV-556

v.

                                                               HON. ROBERT HOLMES BELL

KURT JONES,

      Respondent.
                                                    /

## **O P I N I O N**

This matter is before the Court on Petitioner Joel Otis Bullock's objections to the Magistrate Judge's January 5, 2006 Report and Recommendation ("R&R") recommending that the habeas corpus petition be denied. This Court is required to make a *de novo* review upon the record of those portions of the Magistrate Judge's R&R to which objection has been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In his original habeas corpus petition, Petitioner raised three grounds for relief: 1) a request that the Court overturn the finding of the state trial court that Petitioner had violated the plea agreement by assaulting Lisa Smith, 2) that the trial judge abused his discretion by refusing to abide by the sentence agreed upon in the plea agreement, and 3) that the trial court erred in refusing to allow Petitioner to withdraw his guilty plea after the sentencing agreement set forth in the plea agreement was no longer binding. The Magistrate Judge recommended that all grounds for habeas relief be denied. On the first ground for

relief, the Magistrate Judge determined that the state court decision constituted a factual finding and that Petitioner did not present clear and convincing evidence to warrant habeas relief.  On the second and third grounds for relief the Magistrate Judge determined that Petitioner failed to support his claim with clearly established federal law and in the alternative the Magistrate Judge found that any error was harmless.  Petitioner objects to the grounds for denial in the R&R.  This Court agrees with the Magistrate Judge's analysis.  Petitioner's objections fail to provide a basis to alter the recommendation of the R&R.  For the reasons stated below, the Court overrules the objections, and approves and adopts the R&R as the opinion of the Court.

Petitioner objects to the Magistrate Judge's recommendation affirming the state court's factual finding that Petitioner assaulted Lisa Smith in violation of the plea agreement.  Petitioner contends that Lisa Smith battered him and thus he responded in self-defense.  Under the terms of the plea agreement, Petitioner was not to have any contact with Lisa Smith.  R&R at 4.  *See* 10/3/02 Tr. of Plea, Docket #9.  The state court determined that Petitioner did violate the terms of the plea agreement.  11/21/2002 Tr. of Hr'g and Sentence, Docket #10.  The Magistrate Judge determined that the record supports the finding that Petitioner violated the plea agreement by assaulting Lisa Smith.  R&R at 11. The Magistrate Judge rightly applied the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") standard where Petitioner must overcome a presumption that the state court's factual finding was correct by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  The Court agrees.

2

Petitioner further argues that the recognition of his assault of Lisa Smith violates his Fourteenth Amendment right to equal protection under the law. Petitioner insinuates that Lisa Smith battered the Petitioner and should be punished. Petitioner misunderstands the guarantee of equal protection under the law. Equal protection, at its roots, concerns whether a single entity treats two individuals differently under the law. Petitioner in essence accuses the state judge of such unequal treatment. But, the state judge had no relationship or connection to Lisa Smith and thus had no foundation from which to treat Ms. Smith differently than Petitioner. Moreover, the state judge has no control over whether to prosecute Lisa Smith or not. The discretion to prosecute lies with the government. Therefore, the Court does not find that Petitioner's equal protection rights have been violated.

The Court finds that the Petitioner's objections to the first ground for relief to the R&R have no merit. He has failed to produce clear and convincing evidence that the trial court was wrong in its factual finding of an assault of Lisa Smith in violation of the plea agreement. The Court adopts the Magistrate Judge's R&R regarding the first ground for relief.

Petitioner also challenges the trial judge's refusal to enforce the sentencing agreement. The Magistrate Judge found that the "Supreme Court has never held that a criminal defendant who first breaches a plea agreement may nevertheless insist upon its enforcement." R&R at 12. Though not exactly on point, the Supreme Court held a defendant's breach of the plea agreement removes the double jeopardy bar to prosecuting a higher charge. *See Rickets v.*

3

*Adamson*, 483 U.S. 1, 8 (1987) (holding that the respondent's breach of the plea agreement removed the double jeopardy bar to prosecution for first-degree murder even though defendant had pleaded guilty to second-degree murder). The Magistrate Judge also cited numerous Sixth Circuit and other federal courts of appeal cases, which agree that a breaching defendant forfeits any rights to enforce a plea agreement. *See e.g. United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000). The Court agrees that Petitioner's breach renders the plea agreement unenforceable.

Petitioner lastly alleges that the trial court erred in refusing to allow him to withdraw his guilty plea after the plea agreement had been violated. As noted above, the Magistrate Judge determined that Petitioner breached the plea agreement in this case. The Magistrate Judge noted that the Supreme Court has not established any principle allowing a defendant, who breached the plea agreement, to withdraw his guilty plea. R&R at 16. Since the Court is limited under the AEDPA standard to Supreme Court holdings, the Magistrate Judge found that the Petitioner did not establish grounds for habeas corpus relief. The Court agrees.

In his objections to the R&R, the Petitioner objects to the Magistrate Judge's recommendations for the second and third grounds in several ways. First, Petitioner asserts that he has been subjected to double jeopardy in violation of the Fifth Amendment, which "forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U.S. 161, 169 (1977). Petitioner suggests that the facts of *Brown* resemble Petitioner's case. In *Brown*, the defendant was charged with auto theft after

4

already being convicted of the lesser included offense of joyriding. *Id.* at 162-63. The Supreme Court found that this second prosecution was barred by double jeopardy. *Id.* at 169. In Petitioner's case, he pleaded guilty to arson of a dwelling house and was sentenced for that crime. R&R at 3. At no point was Petitioner charged with a lesser included offense. After the breach of the plea agreement, the government did not alter the arson charge, but only sought a longer sentence than that agreed upon under the since-violated plea agreement. This does not elicit double jeopardy protection.

Second, Petitioner objects to the Magistrate Judge's finding that the plea agreement is no longer enforceable against the prosecution. Plea agreements are to be interpreted and enforced using principles of contract law. *Wells*, 211 F.3d at 995 (quoting *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991)). As discussed above, Petitioner breached a term of the plea agreement and consequently, applying basic contract principles, the agreement is no longer binding on the other party to the contract - the government. Therefore, the judge correctly refused to enforce the breached plea agreement against the government.

Third, Petitioner objects to the Magistrate Judge's finding that the state court's refusal to allow Petitioner to withdraw his guilty plea was proper. Under the AEDPA standard, Petitioner must show that the state court's refusal to allow him to withdraw his guilty plea violated some constitutional principle. A refusal to allow a defendant to withdraw his guilty plea violates the Sixth Amendment and the Due Process Clause when the plea was unfairly obtained. *Santobello v. New York*, 404 U.S. 257, 264-65 (1971). However, the Constitution

no where supports the principle that a defendant may withdraw his guilty plea when he breaches the plea agreement. Petitioner further cites Federal Rule of Criminal Procedure 11 to support his contention that he should be able to withdraw his plea. The Federal Rules of Criminal Procedure do not apply in state court nor does Rule 11 raise a constitutional issue that requires action by the Court.

The Petitioner has attempted to add additional arguments in his objections to the R&R.[1]  "[T]he Magistrate Judge Act, 28 U.S.C. § 631 et seq. . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."  *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).  *See*, *also*, *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")).  Because Petitioner failed to raise these arguments before the Magistrate Judge, he will be deemed to have waived them.

The Magistrate Judge recommended in the alternative that even if the state court did violate a constitutional principle by not adhering to the sentencing agreement, any error was harmless.  The Court agrees.  The Magistrate Judge noted that habeas relief may only be granted if the error has a substantial and injurious effect on the outcome of the case.  *Brecht*

---

[1] Petitioner now claims that the prosecutor violated the plea agreement by asking the state court to sentence Petitioner within the sentencing guidelines of the State of Michigan. He further alleges that he was sentenced using incorrect pre-sentencing information and that the judge departed from the sentence range in violation of sentencing guidelines.

*v. Abrahamson*, 507 U.S. 619, 623 (1993). Here, as noted by the Magistrate Judge, Petitioner was sentenced to 5-to-20 years for first degree home invasion, to be served concurrently with the other sentences imposed by the state court. 11/21/2002 Tr. of Hr'g and Sentence, Docket #10. Petitioner was also sentenced to 5-to-20 years for the arson to which he pleaded guilty. *Id.* Petitioner argued that this sentence violated the Constitution because the plea agreement called for a three year minimum instead of the five year minimum imposed by the state court for the arson charge. Because the sentences will be served concurrently, the increase of the minimum sentence from three years to five years does not affect the length of time Petitioner spends in prison because the first degree home invasion requires a five year minimum.

Since Petitioner has failed to offer any arguments that convince the Court that the Magistrate Judge was incorrect, the Court adopts the Magistrate Judge's recommendation for the second and third grounds for habeas relief.

The Court has reviewed the Magistrate Judge's R&R and concludes that the Magistrate Judge properly analyzed each of the Petitioner's claims. Accordingly, Petitioner's objections are overruled and the Magistrate Judge's Report and Recommendation is approved and adopted as the opinion of the Court.

An order consistent with this opinion will be entered.


Date:    June 15, 2006            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE